(No. 82-CV-0006–

*In re* APPLICATION OF JOHN MATES.

*Order filed March 28, 1983.*

JOHN MATES, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on May 15, 1981. John Mates, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on July 2, 1981, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinios. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on May 16, 1981, the Claimant was shot by an unknown offender during the course of a verbal dispute. The incident occurred on the street at 2327 South Sawyer, Chicago, Illinois. The Claimant was taken to St. Anthony Hospital for treatment of a gunshot wound to his thigh.

During the course of the police investigation, the Claimant positively identified the offender. However, he refused to prosecute and the offender was released without being charged.

2. That sections 6.1(c) and (d) of the Act (Ill. Rev. Stat. 1979, ch. 70, pars. 76.1(c), (d)), state that a person is entitled to compensation under the Act if the appropriate law enforcement officials were notified of the perpetration of the crime and the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

3. That it appears from the police report that the Claimant declined to cooperate fully with law enforcement officials in the apprehension of the assailant, in that he knew who the offender was but declined to press charges against him.

4. By reason of the Claimant's refusal to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act, he is not eligible for compensation thereunder.

It is hereby ordered that this claim be, and is hereby denied.